UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL NO. 23-CR-00009-KKC

UNITED STATES OF AMERICA                                    PLAINTIFF

VS.

KRISTY BERRY                                                DEFENDANT

* * * * * * *

## MOTION TO AMEND JUDGMENT TO INCLUDE JOINT AND SEVERAL RESTITUTION LIABILITY

The United States hereby files this motion to amend the judgment of the Defendant, Kristy Berry to make said judgment [DE 305] joint and several with the judgments and to be entered against co-conspirators Jose Alzadon, Michael Bregenzer, and Barbie Vanhoose (collectively with Berry, the "Defendants"), up to the amount of $812,881.09, and to clarify the application of joint and several liability. In support of this renewed motion, the United States avers as follows:

### BACKGROUND

This criminal action concerns a health care fraud conspiracy promulgated by the Defendants. On December 8, 2023, Berry pled guilty to counts 1 and 13 of the Indictment against her. [DE 64]. In her Plea Agreement, Berry agreed to pay restitution in the total amount of $814,820.96. [*Id*., at 9]. The Defendant's Plea Agreement further provided that Berry "will be liable jointly and severally for the amount outlined above if others are convicted of the same offense" [*Id*.].

On August 27, 2025, this Court sentenced Berry to six months in prison and imposed a restitution judgment of $814,820.96; however, despite the statements in her Plea Agreement that her restitution should be joint and several, the Judgment against Berry does not state that she would be

1

jointly and severally liable for any part of it upon being sentenced. [DE 305, at 7].

Vanhoose and Alzadon have both already been sentenced in this case. [DE 323, 337]. Vanhoose and Alzadon were both ordered to pay restitution in the amount of $812,881.09, jointly and severally with each other and with Berry, up to the amount of $812,881.09, and with Bregenzer, in accordance with his forthcoming Judgment. [*Id.* at 8].

## ARGUMENT

### I. Joint and Several Liability

Restitution is mandatory upon conviction of a Title 18 offense where a victim suffered pecuniary loss. 18 U.S.C. § 3663A(a)(1), (c)(1)(B). A "victim," includes any person "directly or proximately harmed" as a result of the offense. 18 U.S.C. § 3663A(a)(2).

"As a general matter, coconspirators subject to criminal forfeiture are held jointly and severally liable for the full amount of the proceeds of the conspiracy." *United States v. Nagin*, 810 F.3d 348, 353 (5th Cir. 2016); *see also United States v. Church*, 731 F.3d 530, 537 (6th Cir. 2013) (noting that the Sixth Circuit and other Circuits most often approve the imposition of joint and several liability in conspiracy cases); *cf.* Catherine M. Goodwin, *Federal Criminal Restitution* § 10:29 n.9 (2018) ("Adding later-sentenced defendants to a previous order, joint and several, is an administrative, valid reason for a post-sentencing change to a previous order.").

Pursuant to Fed. R. Crim. P. 36, the Court should amend the Defendant's judgment to provide that Berry's restitution shall be joint and several with the restitution imposed upon Vanhoose and Alzadon, up to the amount of $812,881.09, and with Bregenzer, in accordance with his forthcoming Judgment. As discussed previously, the Defendants were co-conspirators, and as such, it is appropriate to hold them jointly and severally liable for the same losses incurred from their conspiracy. This intent was conveyed in Berry's Plea Agreement. Amending Berry's judgment to make it joint and several with the other Defendants' would also be fair to all Defendants and avoid a

risk of overcompensation to their victims.

For the foregoing reasons, the United States requests that the Court amend Berry's judgment to provide that she will be jointly and severally for her restitution with Vanhoose and Alzadon, up to the amount of $812,881.09, and with Bregenzer, in accordance with his forthcoming Judgment.

## CONCLUSION

For the foregoing reasons, the United States requests that the Court grant this Motion, amend Berry's judgment to make said judgment [DE 305] joint and several with the restitution imposed upon Vanhoose and Alzadon, up to the amount of $812,881.09, and with Bregenzer, in accordance with his forthcoming Judgment.

Respectfully submitted,

PAUL C. MCCAFFREY
FIRST ASSISTANT
UNITED STATES ATTORNEY

By:   /s/ John M. Spires
Assistant United States Attorney
260 W. Vine Street, Suite 300
Lexington, Kentucky 40507-1612
(859) 233-2661
John.spires@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2026, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send the notice of electronic filing to all counsel of record.

/s/ John M. Spires
Assistant U.S. Attorney

3